Houston, J.,

delivered the'opinion of the Court.
Whatever doubts may have been at one time entertained in regard to the question presented in this case, it may now be considered as well settled, by recent decisions both in this country and in England, that the plaintiff is entitled to recover. The general principle of the law on this subject is, that choses in action due the wife, and which are not reduced to his possession by the husband during the coverture, on his death survive to the wife, if she is then living; and the fact that the chose in action accrued to the wife during the coverture, constitutes no exception to this general principle.
The question here presented has been maturely considered, and all the Cases bearing upon it have been carefully reviewed in an able opinion of the Supreme Court -of *525 Massachusetts, by Dewey, J., in Hayward v. Hayward, 20 Pick. 517, in which it was held that a distributive share of an intestate’s personal estate, which accrued to a marriedg woman during her coverture, and the husband died without reducing it to possession, survived to her; and that there is no distinction as to the fights of the wife by survivorship, between choses in action"'which accrue before marriage and such as accrue during her coverture; but in either case, if the husband dies without reducing them to possession, they survive to her. In a case decided since -that time, in England, it was ruled that a promissory note, although negotiable and transferable according to the custom of Merchants, like a bill of exchange, yet it is still a chose in action, and that a promissory note given to a wife in the lifetime of her husband, and not collected by him, on his death survived to her. Gaters v. Madeley, 6 Mees. & Wels. 423. The principle established in these cases has also been recognized and affirmed, and perhaps extended still further in its effect and operation, by a recent decision of the Court of Errors and Appeals in our own State, in which it was decided that a distributive share of the personal estate of an intestate, which accrued to a married woman during the lifetime of her husband, and which he had assigned to one of his creditors in payment of a debt which he owed him, but not under his seal and in the presence of two subscribing witnesses, according to the statutory provision in regard to assignments, so as to enable and authorize the assignee to sue for it in his own name, on the death of the husband before the assignee had collected it, survived to the wife notwithstanding the assignment. The State, for the use of Vickers, v. Robertson & Burton, 5 Harr. 201.
It is therefore the opinion of the Court that the several promissory notes referred to in the case stated, with the respective sums of money due thereon, survived to the wife on the death of the husband, and that she, and not the executor of the husband, was the only party who could rightfully sue for and recover them. Judgment is accordingly directed to be entered for the plaintiff.